Okay, our next case for argument is 21-1669 Long v. McDonoghue. Is it Donahauer? Yes. Please proceed. Thank you, Your Honor, and may it please the Court. He had in place compensation for functional impairment resulting from a Veterans Service Connected condition. The question here is whether the phrase resulting from requires that the service-connected condition. The en banc Veterans Court erred when it answered yes to that legal question, and compounding that legal error, the Veterans Court overstepped the scope of its review when it found a lack of linkage between Mr. Long's ear pain and his service-connected hearing loss. Now, there's little disagreement between the parties here about what the correct standard is, and the debate seems to center on what the Veterans Court did here. The government argues that the Court simply applied the settled law to the facts of Mr. Long's case, but that would require this Court to read into the Veterans Court's decision, reasoning that simply isn't there. The Veterans Court did not hold that Mr. Long's decision to wear his hearing aids in situations with background noise was somehow an intervening cause that cut off the causal chain between his service-connected hearing loss and his ear pain, and so the government's efforts to style this case as the application of law to fact should fail. In any event, the gist of that argument is that a veteran should simply avoid the use of any assistive device that allows him to function under the ordinary conditions of daily life if use of that assistive device would somehow cause additional functional impairment, and that's simply contrary to the thrust of the entire VA benefits system. On your argument that the ear pain should be considered to be sufficient to give rise to extra-schedule of treatment, how do you deal with the point made by the Board and by the Court of Appeals for Veterans Claims as well, that on step, what the Court called step two of the Thune analysis, there was no showing that the disability is so exceptional or unusual due to factors such as marked interference with employment or frequent periods of hospitalization? I don't think you raised that, at least in your opening brief, before the Veterans Court, and yet that's a requirement for extra-schedule or consideration, is it not? Yes, Your Honor. Three points, I believe, in response to Your Honor's question. First, Your Honor's question points at the lack of Board findings on ear pain. There are simply no Board findings whatsoever on ear pain. It was not, it's not disputed that it was raised by the Record before the Board, but the Board did not... Well, it was raised first by the Record. There is one page, I guess a page and a half, in the Record in which, in the course of this testimony, Mr. Long referred to noise in a restaurant, but was there any more formal presentation of the ear pain claim, more generally, to the Board? Because we don't have the briefs that were submitted to the Board. There was no such suggestion that I could see in the opening brief to the Court of Appeals. No briefs presented to the Board on ear pain, and Mr. Long was not, in fact, represented by counsel before the Board of Veterans' Appeals, and it's not disputed that the Record before the Board raised the ear pain as a potential consequence of Mr. Long's hearing loss via his use of hearing aids. And so, as for... As long as he was represented by the Disabled American Veterans before the Board. Yes, he was represented by a Veterans Service Organization, not by legal counsel. Okay. But go ahead. Again... Go ahead. I'm sorry, Your Honor. No, go, please go ahead. Yes, and so... Can I ask you just... I just want to revisit something. Is it your position that the Board made no fact findings on ear pain at all, not just with regard to Thume Step 1, which focuses more on causation, but also with regard to Thume Step 2, which focuses on whether this is an unusual or exceptional disability picture? Correct, Your Honor. There are no Board findings about ear pain at all. That includes no finding as to whether the ear pain is related to the hearing loss, no finding as to whether the ear pain is an exceptional symptom, uncontemplated by a scheduler rating tool, no finding as to whether the ear pain causes any functional impairment, let alone marked interference with employment. And so, it might help to walk briefly through the procedural history of the Veterans Court here, which was long and rather convoluted. The Veterans Court stayed the case pending a related case called Doucette, in which the Court held that ear pain is not the responsibility to make a factual finding about whether ear pain is contemplated by a veteran's rating. And so, Mr. Long argued before the Veterans Court that the Veterans Court's failure to... Excuse me, that the Board's failure to make any findings about the ear pain was error. And so, getting to Judge Bryson's question about prejudicial error, I believe in Step 2 of the analysis, the extra scheduler analysis about whether the ear pain causes marked interference with employment. I think that raises a misunderstanding by both the Veterans Court and the government here about the prejudicial error analysis. The Veterans Court said that Mr. Long didn't make any challenge regarding Step 2, the marked interference with employment. And so, it was sufficient that the Board's failure to make any findings about ear pain could have affected its analysis of Step 2. Counsel, there's obviously a question about whether the court below engaged in fact-finding with respect to ear pain. But if we resolve the resulting question against you, does that still implicate the fact-finding regarding ear pain, or does that mute it? I believe if the court agrees... If this court were to hold that the Veterans Court applied the correct legal standard, then the fact-finding might be harmless. But the Veterans Court did not apply the correct legal standard here by requiring that direct link between the service-connected hearing loss and the ear pain. There is no language modifying the phrase resulting from, or any other limiting language in the relevant statutes or regulations that require a direct causal link between the functional impairment and the service-connected condition. The Veterans Court has recognized that in numerous panel decisions, and correctly so, which points up the issue here, which is that the en banc court has created this new and erroneous standard for demonstrating nexus that has unsettled the law here. And the government argues that the en banc court was aware of Bailey, and so should be deemed to have acted in accordance with its Bailey decision, which recognizes that treatment can provide the requisite causal link. But the en banc court, of course, doesn't have to follow a panel decision, and so we really need some clarification here about what the correct legal standard is. Let me make sure I understand what the factual predicate is for the claim of ear pain. Was there anything before the board regarding the ear pain resulting from the hearing aids that, other than the section of the transcript on pages 68 to 69, where Mr. Long says that the hearing aids make things louder, but that's a disadvantage, because if I get into, and then he says, a restaurant, it hurts my ears. Is there anything other than that that was presented to the board with regard to the ear pain aspect of the claim? That is the evidence, Your Honor. It's Mr. Long's competent testimony that when he used his hearing aids in situations with background noise, they tended to where there is evidence that Mr. Long's work in a classroom setting was in a noisy environment involving background noise, and so as far as there's any concern about his ability to demonstrate functional impairment earning capacity, the hearing testimony plus that evidence shows that the board could have found that there was impairment of his ability to function in the kind of setting in which he works. Okay, counsel, do you want to save your remaining time for rebuttal? I would, Your Honor. Thank you. So far, I'm about 50-50 on last names. I'm not going to go for it. Just tell me how to say your last name, counsel. It's purely phonetic, Your Honor. Last name is O. O? O. Correct. Please proceed, Mr. O. May it please the court. I think there are three issues in this case. The first issue is regarding this linkage nexus analysis, whether the Veterans Court did improper shock finding under the law. The second issue is with the exceptionality or unusualness requirement of the extra scheduler regulation, and the third issue is whether there was an impairment to earnings capacity, which is the second necessary element for the extra scheduler consideration regulation. I'll briefly touch on the linkage nexus issue. It's not very difficult to understand what the Veterans Court's decision was. It's on page 11 of the appendix. It references about a page and a record. Judge Bryson, to your question, we've looked through the record of proceedings. That appears to be the only discussion of the ear pain claim. My friend on the other side. The problem for me, counsel, is that with regard to this linkage question, the board faults the Veterans' argument by saying he consistently attributed his ear pain to the evidence associating his pain with hearing loss. So the problem for me is it appears in the only statements in which the Veterans Court addresses this that they have clearly discounted the possibility that pain he experiences by virtue of hearing aid use could be service-connected. I get that, Your Honor. I think one thing that's important is the leading sentence of that paragraph where the Veterans Court starts, likewise, and then it says, Mr. Long's challenge to the board's finding regarding ear pain falters due to a lack of linkage between the complaint and his hearing loss. But that doesn't actually, I don't see how that makes any difference. What the board is saying is that he, they're going to say he links his pain to the use of his hearing aid. That's not his hearing loss. Therefore, he doesn't get benefits. Right. And I think that could be the broad reading of the Veterans Court's decision. But I think what the Veterans Court was trying to do was... I don't see how it's not the only reading of the Veterans Court decision. What else did they say? His complaint, between his complaint, or between the complaint and his hearing loss. To the extent that it is at least unclear how broad the Veterans Court's statement was intended to be, it can't be right, can it? That if there is a condition that resulted from service connection, that is service connection, and the treatment of that condition results in another condition that is adverse to the veteran in disabling, the veteran clearly gets to recover for the second condition, right? I think that broad proposition could not be right. So, that's correct. You mean the one I just said? So, if that's what the Veterans Court is saying, that can't be correct. Yeah. I'm not sure whether you were saying the proper... I was agreeing with you. Okay. I should have said that up front. So, at least we know that much. To the extent that the Veterans Court's opinion could be understood to be saying just that, then we would have to say that's not right. Right. And that's not our position in this case. That's not our understanding. So, let me give you an example just to make sure we're on the same page. Suppose that we're not talking about a veteran with hearing loss. We're talking about an amputee, a veteran who has lost his limb. And suppose that the prosthetic he is using is causing him sufficient damage, pain, chapping, irritability in the skin surrounding it, surrounding where the prosthetic attaches to his leg. It would have to be the case that that secondary pain, the pain that he is experiencing by virtue of the reparation device, i.e. the additional limb, is attributable to his loss of leg. Right? I think that's right. Yes. And I think there are cases that would probably support that almost directly. So, if I read the Veterans Court opinion as contrary to that concept because the Veterans Court opinion in only very brief fashion addresses this ear pain, hearing loss, hearing aid issue. And in two of the only four sentences that they articulate, both of those sentences express a sentiment that feels to me very contrary to what we've just agreed the law has to be. Don't I have to just vacate and remand this case? Not exactly, Your Honor. And I understand. I think this could have been written better. Well, and this is an in-bank decision of the Veterans Court. It's even more scary for me is this not setting the standard that now all members of the Veterans Court will have to follow to conclude that treatment, if treatment causes additional injury, that's not linked to the service connection. Right. And that's why I don't think that's what the Veterans Court was saying. I think there's a pretty well-established law that treatment-related disabilities are... That well-established law was their own law. This in-bank opinion overrides all. Right. And that's why I think what the Veterans Court was trying to say was limiting it specifically to the facts of this case, which again, only had a page and a half of record testimony on the issue. The Veterans Court reviewed that evidence, gave the veteran... But I don't understand whether he says, I have pain because when I use my hearing aids at certain times, loud noises cause me extreme headaches or pain or whatever, or whether he says, I have pain because my hearing aids cause an irritation in my ear, which has made it very raw. Whatever articulation he has, isn't that a result of his hearing loss? Right. So I think what the veteran... Again, limited to what the record said, I think what was grounding the Veterans Court's decision was this broader context about what the record showed. Do we really need to remand this in light of what we know the record says, giving the most favorable interpretation of the record evidence? But to your question, Judge Moore, about even if you disagree with that finding, does that automatically result in a vacate and a remanding of the Veterans Court's decision? And respectfully, I would say no, because the extra scheduler consideration requires two necessary elements, and there's been no evidence or argument as to that second necessary element... Did he make in the Veterans Court an argument that the second requirement of Foon was satisfied? I don't believe so, Your Honor. And the board, again, it didn't touch the issue of ear pain, but it did touch the issue of whether there was any support for the impairment of earnings capacity. That's on APPX page 39, and the board... But stop for a sec. If the board disregarded his ear pain and made no fact findings with regard to it, since it literally didn't address it, how do we know that it nonetheless concluded that that ear pain that it made no fact findings on didn't impact his earnings or his work or cause some more significant problems? So there's two legal grounds for that. Number one is the issue of waiver. I don't think there's any dispute that the issue of impairment to earnings capacity with respect to ear pain was not raised below. But the second issue is that the record on the matter is pretty clear. Judge Price's question to my friend on the other side was, is there any other evidence with respect to ear pain? The answer is no. So if there's no evidence on the issue of impairment to earnings capacity associated with the ear pain, the issue in this case seems... Yes, but the problem is the board didn't make that fact finding. That's correct. The board didn't make a fact finding. Not that specific fact finding. But you want me to make it on appeal by looking at the evidence and concluding it's not sufficient? So again, the issue is number one, one of waiver, which would not require the court to delve back into any specific factual questions. How could they waive the appeal of something that wasn't addressed by the board? If something wasn't addressed by the board, and they've clearly continued to argue that ear pain, both before the veterans court and before us, ought to be a ground on which they can obtain recovery. If the board didn't make an underlying fact finding at all about ear pain with regard to anything, much less the second factor of Thume, why don't we re-land this case back to the board to actually now make those fact findings? So I think one important thing to understand is the generally on APPX page 39, where it found that this is APPX 39. It's a fairly long paragraph. Are you saying that the waiver was at the board? The waiver was not at the board. The waiver was at the veterans court. The issue of what record states and where the record closed was at the board. So what we know here is that there was just no evidence with regard to impairment of earnings capacity with respect to any particular finding or any particular symptom or claim. So you're saying that the court didn't engage in fact finding, but just in effect determined that the issue has been waived? The veterans court found that correct. Correct. But even beyond that, I think we can go into the record, look at what the record states. We made this pretty clear in our response brief. There's no evidence about the impairment of earnings capacity on the record with respect to ear pain. There's only the six lines that the record consists of. It's pretty clear ear pain was discussed in a very specific, factually specific instance. And so if that's the only evidence on the issue, there just is no. I think the veterans court's reasoning was based upon this understanding of futility. Are we really going to delay the process in adjudicating the dispute in light of what the record states in light of the fact there's a waiver issue where the second issue was even raised as part of the veterans court's briefing for the veterans court. I don't want to belabor the issue too much. We think that the veterans court, I think the causality analysis could have been written better, but I think what the veterans court was trying to get at was that there was a very clear understanding what the record said, understood that remanding on that specific issue would have been futile in light of the fact that there also was no evidence with respect to the second necessary element. So when you say there was no evidence, he alleges it causes him pain in loud spaces or restaurants. And then there is some evidence that that kind of scenario exists in his workplace. He was not represented by counsel. Isn't that sufficient to at least cause the board to need to make a fact finding in the first instance? So again, I think the board did make the fact finding about there being no evidence with respect to impairment of earnings capacity in general. That's a necessary element regardless of what you're claiming is the additional disability of the symptom. So the board made the across the board recognition. There's no evidence with respect to that second necessary issue. And so what the veterans court saw was, well, if there's no evidence on that issue, number one, it's a waiver issue because you didn't phrase it in the veterans court briefing. But secondly, what's the point of remand on that if we already know that the board made that finding? So that's the position in this case. And was he represented by counsel at the court? I believe he was represented by counsel at the veterans court. He was represented by I think Chisholm Chisholm and Kilpatrick for the court. Correct. Yes. So at the board, it was a veterans representative. That's correct. We respectfully request that the court affirm the decision of the veterans. Okay, counsel, you've got some rebuttal time. Please proceed. Thank you, Your Honor. Chief Judge Moritz, your question about the legal test that the veterans court created here, I'd just like to direct the court's attention also to page eight of the appendix, which is where the veterans court discussed downstream effects that legally recognized linked to service. And when you read its findings on page 11, in light of its discussion there, I think it's clear that it created a legal test that the effects of treatment cannot be related to service. As far as the government's arguments go, they simply read findings into both the board's and the veterans court's decision that are not there. The board could not have encompassed ear pain in its discussion of functional impairment because it made no findings on ear pain at all. And as the veterans court, the evidence was before the board that the ear pain happened in noisy situations. And the evidence was before the board that one of those situations was Mr. Long's workplace. That was sufficient to raise the prejudicial error in the board's failure to make any findings about ear pain whatsoever. Excuse me, in your brief before the veterans court, did you raise the issue of Thune step two, which the board had addressed? Yes, Your Honor, that was raised in the reply brief. But not in the opening brief, only in the reply brief? As we explained in our reply brief before this court, the reply brief in before the veterans court came out after Doucette discussed ear pain. And so we argued in our reply brief after the might have affected its analysis of Thune step two. And so was that your first opportunity then to be able to raise that issue? As to ear pain, yes, Your Honor. Also, the veterans court was firstly factually wrong that Thune step two is not raised. And secondly, I think the veterans court's analysis there was contrary to what this court recently stated about assessing harmful error, which is that it has to be based on the circumstances of the case. And the veterans court simply didn't look at the facts of the case when assessing whether there was prejudice at Thune step two. If there are no further questions, we would ask this court to vacate and remand on instructing the veterans court what the correct legal standard is, and to have it review the board's decision based on that correct standard. Thank you. Okay, we thank both counsel. This case is taken under submission.